# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CALVIN STOVER                                                                                        PLAINTIFF
ADC #154695

v.                                              5:18cv00040-JLH-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction; *et al.*                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     INTRODUCTION

Calvin Stover ("Plaintiff"), an inmate at the Wrightsville Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  In his Complaint, he alleges failure to protect and violations of his due process and equal protection rights.  (*Id*.)  Plaintiff seeks compensatory and punitive damages and injunctive relief.  (*Id*. at 15.)

Defendants have now filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies.  (Doc. Nos. 60-62.)  Plaintiff has not responded and the time for doing so has passed; this matter is now ripe for a decision.  After careful review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED.  Plaintiff's claims against Defendants Kelley, Gibson, McGilton, Minor, Nalls and McFadden should be DISMISSED WITHOUT PREJUDICE.

### II.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or

is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. No. 60-3 at ¶¶ 2-3.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (Doc. No. 60-1 at 1-2.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id*. at 5.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id*. at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id*. at 8.) The warden or his designee must provide a written response within twenty working days of receipt. (*Id*. at 10.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (*Id*. at 11.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (Doc. No. 60-1 at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.) Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

4

(*Id*. at 4-5.)

Defendants contend Plaintiff did not exhaust any grievance against them pertaining to the claims in this case. (Doc. Nos. 61, 60-3 at ¶ 25.) In support of their argument, they submitted the Affidavit of Terri Grigsby, the ADC's Grievance Coordinator. (Doc. No. 60-3.) According to her testimony, Plaintiff filed only one grievance, grievance DR-15-00052, relevant to his Complaint. (*Id*. at ¶ 16.) Grievance DR-15-00052 reads, in its entirety:

> on January 16, 2015 I was violently attacked in the Kitchen by inmate Floyd Grant. The entire incident is caught on camera showing I did everything possible to avoid confrontation. Once attacked, I then engaged Mr. Grant to only protect myself from the risk of further injury. I sustained an eye injury, a cut under my eye from my eyeglasses, which was bleeding badly during the attack. I have been held in solitary confinement now for two days with no explanation as to the continued confinement. If I had to fight off an attacker then I did what was necessary to protect myself. Prison personal are always stating that an inmate protect himself, i.e. not sitting alone, call hotline number, etc. I followed policy and am now being treated cruelly and unusually punished for doing so. I am the victim here of a person with a violent history, mainly against women though, but violent nevertheless, so why am I being treated as the perpetrator.

(Doc. No. 60-2 at 7.)

Sergeant J. Jones responded to the grievance by explaining to Plaintiff that when he engaged in physical altercation, he violated ADC policy. (*Id*.) At Step Two, Plaintiff disagreed with that conclusion because: (1) he should not have been punished for protecting himself; (2) the decision for his disciplinary was based solely on staff reports; and (3) Plaintiff did not act willfully but only reacted to the situation. (*Id*. at 6.) Grievance DR-15-00052 was unsuccessful at Step Two, as Plaintiff's exchange of blows with another inmate did not indicate self-protection. (*Id*.) Plaintiff's appeal of Grievance DR-15-00052 was denied because the reviewer "determined that this matter was investigated and the appropriate disciplinary action was taken." (*Id*. at 5.) Grievance DR-15-00052 was fully exhausted on March 25, 2015. (Doc. No. 60-3 at ¶ 17.)

The evidence shows Plaintiff failed to exhaust his § 1983 claims against Defendants despite Grievance DR-15-00052 being fully exhausted. Grievance DR-15-00052 did not follow prison grievance procedure because it failed to identify by name any Defendant in this action. I recognize "a procedural defect will not bar a claim if the prison decides a grievance 'on the merits,' leaving the reviewing court with a 'complete administrative record' and 'the benefit of the agency's institutional perspective." *Natt v. Ford*, case no. 1:16-cv-00107-JLH (E.D. Ark. Nov. 14, 2016). citing *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). Under the circumstances of this case, however, Grievance DR-15-00052 does not satisfy the statutory exhaustion requirement because beyond failing to name any Defendant, it does not include the allegations Plaintiff raises in this lawsuit and it is not possible for me to determine if the prison evaluated the alleged conduct of any Defendant in the grievance process. *See Burns v. Eaton*, 752 F.3d 1136, 1141-42 (8th Cir. 2014).

In his Complaint, Plaintiff alleges Defendant Gibson failed to protect him by allowing Defendant McGilton to leave the kitchen for some time daily and Defendant McGilton failed to by leaving the kitchen when he knew violent acts happened there before. (Doc. No. 2 at 9-10.) Defendant Kelley's alleged failure to protect is based on inadequate staffing and a probability that violence would occur in the kitchen. (*Id*. at 11.) Plaintiff maintains that McFadden, a classification officer, knew or should have known that the other prisoner involved in the fight "had a propensity for violence." (*Id*. at 12.) These allegations do not appear in Grievance DR-15-00052. Because Plaintiff failed to include these allegations in Grievance DR-15-00052, the ADC "was not asked to evaluate the conduct of [Defendants] or the distinct § 1983 claims first asserted by [Plaintiff] in his . . . complaint." *Burns*, 752 F.3d at 1141. Accordingly, the failure to protect claims Plaintiff advances in this lawsuit constitute "a new grievance . . . completely unexhausted." *Id*. at 1142

(internal citation omitted). *See also Townsend v. Murphy*, 898 F.3d 780, 784 (8th Cir. 2018) (by failing to identify officials in grievance, prisoner limited ADC ability to investigate and, accordingly, administrative remedies were not properly exhausted.)

Plaintiff also failed to exhaust his equal protection and due process claims. Plaintiff's equal protection claim is based on allegations that certain Defendants failed to report to law enforcement the alleged attack on Plaintiff in the kitchen. (Doc. No. 2.) Nothing in in Grievance DR-15-00052 indicates such a failure to report. Plaintiff's due process claims include allegations ranging from the way in which his disciplinary hearing was conducted to Defendant Kelley affirming the disciplinary conviction; again, his claims vary by Defendant and the ADC had no opportunity to evaluate the allegations, in part because Plaintiff's Complaint challenges acts that had not yet taken place at the time he filed Grievance DR-15-00052. (Doc. Nos. 2, 60-2.)

Even considering Grievance DR-15-00052 in the light most favorable to Plaintiff, I cannot conclude that it raised the issues in connection with which Plaintiff is now suing Defendants. Accordingly, Grievance DR-15-00052 cannot be considered as resolved on the merits for exhaustion purposes. *See Burns*, 752 F.3d at 1141 (grievance's omission of defendant's name not mere procedural flaw where grievance also failed to include allegations made in complaint). Therefore, Plaintiff failed to "complete the administrative review process in accordance with the applicable procedural rules" with respect to his claims against each Defendant in this case. *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). Accordingly, Plaintiff's claims should be dismissed without prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 60) be GRANTED.

2.	Plaintiff's claims against Defendants Kelley, Gibson, McGilton, Minor, Nalls, and McFadden be DISMISSED without prejudice for failure to exhaust administrative remedies.

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 2nd day of January 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE